## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ANTWOINE C. SMITH, # 88345, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Case No. 15-cv-00860-NJR |
| | ) | |
| SHERIFF JOHN LAKIN, | ) | |
| LT. ROBERT HOLLENBACH, | ) | |
| CAPTAIN GARY BOST, | ) | |
| OFFICER MIKE TASSONE, | ) | |
| SGT. PAUL SARHAGE, | ) | |
| OFFICER STEVE RIDINGS, | ) | |
| OFFICER TIM WALKER, | ) | |
| TOM SCMIDT,[1] SGT. FOSTER, | ) | |
| CRAIG REICHART, SGT. DOVER, | ) | |
| DON McNAUGHTON, MIKE HARE, | ) | |
| SGT. MIRAN THOMPSON, | ) | |
| and JOHN NORTON, | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM & ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Antwoine Smith, who is currently detained at Madison County Jail ("Jail"), brings this *pro se* action pursuant to 42 U.S.C. § 1983.  (Doc. 1).  Plaintiff's primary complaint is that Jail officials subjected him to conditions of confinement that violate the Constitution. He seeks monetary damages.

### Merits Review Under 28 U.S.C. § 1915A

This case is now before the Court for preliminary review of the complaint pursuant to 28 U.S.C. § 1915A.   Under § 1915A, the Court is required to promptly screen prisoner

---

[1] This defendant's name appears to be misspelled in the list of defendants in Plaintiff's complaint (Doc. 1) and on the docket sheet.  He is referred to as "Tom Scmidt" in both places.  Elsewhere, Plaintiff refers to this defendant as "Tom *Schmidt*."   For that reason, the Clerk shall be directed to correct the spelling of this name.  This defendant shall be referred to as "Tom Schmidt" from this point going forward.

complaints to filter out nonmeritorious claims.  28 U.S.C. § 1915A(a).  The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief.  28 U.S.C. § 1915A(b).  The complaint survives preliminary review under this standard.

### The Complaint

Plaintiff claims that he was forced to endure a number of unconstitutional conditions in Housing Unit B-North at the Jail in 2015.  These conditions include an ant infestation, multiple sewer backups, and inadequate nutrition.  Plaintiff now sues fifteen Jail officials for monetary damages under the First, Fifth, Eighth, Thirteenth, and Fourteenth Amendments.

**1.      Ant Infestation**

Between April 14 and May 11, Housing Unit B-North experienced an ant infestation. (Doc. 1, p. 9).  Plaintiff found it nearly impossible to sleep.  As Plaintiff lay in his bed each night, he was bitten by ants in the neck, face, legs, and back.  On one occasion, Plaintiff discovered six ants in his mouth when he awoke, and dead ants fell to the floor as he showered.  When he did sleep, Plaintiff dreamed of ants, only to wake up surrounded by them. His bed became a veritable "torture chamber."

It is alleged that the defendants knew about the conditions and refused to move the detainees to a different location.  Plaintiff complained directly to Defendants Walker, Schmidt, Reichart, and Hare.  They laughed at him and called him a baby for complaining about "something as small as ants."  (*Id.*).

2.      **Sewer Backup**

On April 26, the sewers and toilets in Housing Unit B-North backed up.  When one toilet was flushed, another overflowed and spilled large amounts of raw sewage onto the cell floors, hallways, and walkways.  Plaintiff's cell floor was covered with raw sewage, exposing him to "feces, urine, saliva, blood, germs, parasites, bacteria," etc.  (*Id*. at p. 10).  The defendants ignored Plaintiff's requests to move to another housing unit.  Instead, they gave him a mop, a bucket, and orders to clean up the waste.

A trustee was assigned the task of cleaning the officers' walkway, which runs alongside the detainees' walkway right next to their sleeping quarters.  (*Id*. at pp. 11-12).  When the trustee saw the large amount of raw sewage in the area, he refused to clean it with his dust mop. The following day, Defendant Hollenbach noticed that raw sewage remained on the officers' walkway.  He swept the waste back onto the detainees' walkway and into their cells.  At the time, Plaintiff was wearing flip-flops, and human waste got onto his feet, ankles, and pants.[2] Defendant Hollenbach refused to issue the detainees a mop and instead provided them with a broom, dust pan, gloves, and a trash bag.  (*Id*. at p. 14).  They cleaned the area and placed the waste in a trash bag that sat for thirty hours before Defendant Walker disposed of it.

A second backup occurred on June 14.  (*Id*. at p. 17).  The toilets overflowed, and raw sewage poured into the cells and hallway in Housing Unit B-North.  Plaintiff requested gloves, but he was provided with none.  Instead, he was given a mop and told to clean up the mess. When another detainee asked Defendant Norton if he was going to mop the officers' walkway, he said, "I'm sure not."  (*Id*.).  Plaintiff alleges that all of the defendants were aware of the conditions but took no steps to limit Plaintiff's contact to raw sewage, by moving him or cleaning up the waste.  (*Id*. at p. 18).

---

[2] Plaintiff was issued only one pair of pants that was washed once each week.

To date, Plaintiff has not witnessed anyone mop the officers' walkway with a wet mop. Consequently, human waste remains in this area.  Remnants extend five inches up the walls.  The stench is unbearable.

Plaintiff's direct contact with human waste caused him to suffer severe stomach pain and vomit for several days after each backup.  The odor has lingered in the cell block for several months, causing Plaintiff to also suffer from ongoing headaches and stomachaches.  (*Id*. at p. 11).  Plaintiff was never seen by a member of the medical staff following his exposure to the raw sewage.  He was never moved from the contaminated area to a new housing unit.  (*Id*. at p. 15).

Plaintiff claims that all of the defendants knowingly and willingly exposed him to these conditions.  Plaintiff has complained both verbally and in writing to Defendants Lakin, Bost, Hollenbach, Walker, Reichart, Schmidt, Tassone, McNaughton, Foster, Thompson, and Dover. (*Id*. at pp. 12-15).  They ignored him, ridiculed him, or threatened him with solitary confinement.

**3.      Inadequate Nutrition**

Plaintiff also claims that he has been denied a nutritionally adequate diet since April 11. (*Id*. at p. 15).  He describes the food portions as "very small."  At times, Plaintiff must wait fifteen hours between meals.  Breakfast consists of one Little Debbie honey bun and a half-pint of milk.  Sometimes, the milk is spoiled.  Lunch is the only warm meal served at the Jail each day, and the portions are "very, very small."  (*Id*. at p. 16).  For dinner, Plaintiff receives a cold cut sandwich, three small cookies, and a small serving of chips or pretzels.

Because detainees and inmates are hungry, they fight for food or steal it.  Plaintiff's food has been stolen at least twenty times.  (*Id*. at p. 18).  Plaintiff has complained to the defendants, and to Defendants Lakin, Bost, Hollenbach, Foster, Walker, Hare, and Tassone in particular, but

they simply tell him that it is not their problem, they are not babysitters, or that he should "grow a pair." (*Id*. at p. 16).  Plaintiff's hunger causes emotional distress and prevents him from sleeping. (*Id*. at p. 17).

### 4.    Deprivation of Property

Finally, Plaintiff claims that pretrial detainees are routinely housed with convicted felons. (*Id*. at pp. 18-19).  These felons, who "are waiting to go to prison[,] have all but taken over [H]ousing Unit B-North."  Among other things, they steal envelopes, food, shampoo, underwear, and personal photographs from the pretrial detainees.  Plaintiff claims that this arrangement violates his Fourteenth Amendment rights.

Plaintiff now sues the following Jail officials in connection with the above-described conditions: John Lakin (sheriff), Robert Hollenbach (lieutenant), Gary Bost (captain), Paul Sarhage (sergeant), Miran Thompson (sergeant), Sergeant Foster, Sergeant Dover, Mike Tassone (officer), Steve Ridings (officer), Tim Walker (officer), Tom Schmidt, Craig Reichart, Don McNaughton, Mike Hare, and John Norton (hereinafter "Correctional Defendants"). He claims that the Correctional Defendants violated his rights under the First, Fifth, Eighth, Thirteenth, and Fourteenth Amendments by exposing him to inhumane conditions of confinement and placing his health and safety at risk.[3]  Plaintiff seeks monetary damages.

### <u>Discussion</u>

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court

---

[3] As will be discussed in more detail below, Plaintiff's claims arise under the Fourteenth Amendment. The complaint offers no other basis for relief under the First, Fifth, Eighth, or Thirteenth Amendments. These claims are completely undeveloped and, for that reason, warrant no further discussion. They shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

deems it appropriate to reorganize the claims in Plaintiff's *pro se* complaint into 3 Counts, as set forth below.

> **Count 1:** **Correctional Defendants subjected Plaintiff to unsafe and unsanitary conditions of confinement in violation of the Fourteenth Amendment when they failed to prevent and/or limit Plaintiff's exposure to raw sewage and an ant infestation;**
>
> **Count 2:** **Correctional Defendants denied, and continue to deny, Plaintiff access to reasonable and adequate nutrition in violation of the Fourteenth Amendment; and**
>
> **Count 3:** **Correctional Defendants deprived Plaintiff of his property without due process of law in violation of the Fourteenth Amendment when they allowed conditions to persist that caused damage to or theft of Plaintiff's personal property.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.  The designation of these counts should not be construed as an opinion regarding their merit.

**Counts 1 & 2 – Conditions of Confinement & Inadequate Nutrition**

Plaintiff may proceed with his conditions of confinement claim (**Count 1**) and his inadequate nutrition claim (**Count 2**) against each of the Correctional Defendants.  "Incarcerated persons are entitled to confinement under humane conditions which provide for their 'basic human needs.'"  *Rice ex rel. Rice v. Corr. Med. Servs.,* 675 F.3d 650, 664 (7th Cir. 2012) (quoting *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981)).  The Eighth Amendment proscribes cruel and unusual punishment against convicted inmates.  *See Budd v. Motley,* 711 F.3d 840, 842 (7th Cir. 2013) (citing *Rice ex rel. Rice*, 675 F.3d at 664).  *See also Klebanowski v. Sheahan,* 540 F.3d 633, 637 (7th Cir. 2008).  But because Plaintiff is a pretrial detainee, his right to be confined under humane conditions is derived from the Due Process Clause of the Fourteenth Amendment.  *Id.*

To state a claim challenging the conditions of confinement, a pretrial detainee must first allege that he has been subjected to adverse conditions that deny "the minimal civilized measure of life's necessities." *Budd,* 711 F.3d at 842 (citing *Farmer v. Brennan,* 511 U.S. 825, 834 (1994) (citation omitted); *Rice ex rel. Rice,* 675 F.3d at 664; *Gillis v. Litscher,* 468 F.3d 488 (7th Cir. 2006); *Vinning–El v. Long,* 482 F.3d 923, 924 (7th Cir. 2007)).  This analysis examines whether the conditions of confinement exceeded the contemporary bounds of decency of a mature civilized society.  *Id.*  Jail conditions that deprive inmates of basic human needs—food, medical care, sanitation, or physical safety—may violate constitutional norms. *Rhodes,* 452 U.S. 337, 346 (1981); *see also James v. Milwaukee Cnty.,* 956 F.2d 696, 699 (7th Cir. 1992). In addition, a detainee must allege that defendants "purposely or knowingly" acted (or failed to act) or acted with criminal recklessness to create the conditions.  *See Kingsley v. Hendrickson,* No. 14–6368, 135 S. Ct. 2466, 2473 (June 22, 2015).

The allegations suggest the Correctional Defendants may have violated Plaintiff's rights under the Fourteenth Amendment by subjecting him to inhumane conditions of confinement (Count 1) and inadequate nutrition (Count 2) at the Jail.  Accordingly, **Counts 1** and **2** against the Correctional Defendants shall receive further review.

**Count 3 – Property Claim**

Plaintiff's claim for the deprivation of his property (**Count 3**) is subject to dismissal, even at this early stage.  To state a claim under the Due Process Clause of the Fourteenth Amendment, Plaintiff must establish a deprivation of liberty or property *without due process of law*; if the state provides an adequate remedy, Plaintiff has no civil rights claim.  *Hudson v. Palmer,* 468 U.S. 517, 530-36 (1984) (availability of damages remedy in state claims court is an adequate, post-deprivation remedy).  The Seventh Circuit has found that Illinois provides an

adequate post-deprivation remedy in an action for damages in the Illinois Court of Claims. *Murdock v. Washington,* 193 F.3d 510, 513 (7th Cir. 1999); *Stewart v. McGinnis,* 5 F.3d 1031, 1036 (7th Cir. 1993); 705 ILL. COMP. STAT. § 505/8 (1995).  Therefore, Plaintiff cannot seek damages in federal court for the loss of his property, and **Count 3** shall be dismissed with prejudice.  Plaintiff may seek redress for his economic loss in state court, however, provided that he files his state action in accordance with the applicable rules and deadlines.  The dismissal of this civil rights action shall not operate as a bar to Plaintiff bringing a property claim in the Illinois Court of Claims.

## Disposition

The **CLERK** is hereby **DIRECTED** to change the spelling of "Tom Scmidt" to "Tom Schmidt" on the docket sheet in CM/ECF.  Until further notice, this defendant shall be referred to as "Tom Schmidt."

**IT IS HEREBY ORDERED** that **COUNT 3** is **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that all claims that Plaintiff asserted under the **FIRST, FIFTH, EIGHTH,** and **THIRTEENTH AMENDMENTS** are **DIMISSED** without prejudice for failure to state a claim upon which relief may be granted.

With respect to **COUNTS 1** and **2**, which are subject to further review against all of the defendants, the Clerk of Court shall prepare for Defendants **JOHN LAKIN, ROBERT HOLLENBACH, GARY BOST, MIKE TASSONE, PAUL SARHAGE, STEVE RIDINGS, TIM WALKER, TOM SCHMIDT, CRAIG REICHART, SERGEANT FOSTER, SERGEANT DOVER, DON McNAUGHTON, MIRAN THOMPSON, MIKE HARE,** and **JIM NORTON**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons),

and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Wilkerson for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  September 1, 2015**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**