IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTWOINE C. SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 15-CV-860-NJR-DGW |
| | ) |
| JOHN LAKIN, et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Now pending before the Court is the Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment filed by all Defendants[1] on October 26, 2015 (Doc. 25). For the reasons set forth below, the motion is denied.

## BACKGROUND

Plaintiff Antwoine C. Smith, a former pretrial detainee at the Madison County Jail ("the Jail"), filed this *pro se* civil rights action pursuant to 42 U.S.C. §1983 alleging his constitutional rights were violated while he was detained at the Jail. In particular, Plaintiff brings this action against various personnel at the Jail, including the sheriff, lieutenants, captains, sergeants, and officers at the Jail, and alleges that these individuals exposed him to unconstitutional conditions of confinement, inadequate nutrition, and property thefts. Plaintiff alleges that he has been subjected to an ant infestation, raw sewage in this cell, small, spoiled, and infrequent meals, and thefts of property from other inmates.

---

[1] Defendant Tom Schmidt was permitted to join the motion on December 8, 2015 (*see* Docs. 31, 36)

Following an initial screening of the complaint pursuant to 28 U.S.C. §1915A, the Court allowed Plaintiff to proceed on the following two counts against all Defendants:

> **Count 1**:   Correctional Defendants subjected Plaintiff to unsafe and unsanitary conditions of confinement in violation of the Fourteenth Amendment when they failed to prevent and/or limit Plaintiff's exposure to raw sewage and an ant infestation;
>
> **Count 2**:   Correctional Defendants denied, and continue to deny, Plaintiff access to reasonable and adequate nutrition in violation of the Fourteenth Amendment; and
>
> **Count 3**:   Correctional Defendants deprived Plaintiff of his property without due process of law in violation of the Fourteenth Amendment when they allowed conditions to persist that caused damage to or theft of Plaintiff's personal property.

(Doc. 6).

Plaintiff's claims are against each Defendant in their individual capacity. In response to the complaint, Defendants filed a motion to dismiss, or, in the alternative, a motion for summary judgment (Doc. 25). Defendants argue Plaintiff's complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure or, because Defendants attached an affidavit of Gary Bost in support of their arguments, Defendants request that the motion to dismiss be converted to a motion for summary judgment. Plaintiff filed a *pro se* response on November 19, 2015 (Doc. 33). Since then, the Court has recruited counsel to represent Plaintiff (*see* Doc. 41), and the discovery process is underway; the discovery deadline is January 6, 2017 (*see* Doc. 38).

## DISCUSSION

Defendants filed their motion to dismiss pursuant to Rule 12(b)(6); however, Defendants attached the affidavit of Defendant Gary Bost in support of their motion and

ask the Court to convert their 12(b)(b) motion into a motion for summary judgment under Rule 56. Importantly, when a party attaches a document to a motion to dismiss, Rule 12(d) prescribes that the court must either convert the 12(b)(6) motion into a motion for summary judgment, or exclude the documents attached to the motion to dismiss and continue its analysis under Rule 12. *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998); *see also* FED. R. CIV. P. 12(d). A court may consider documents attached to a motion to dismiss without converting it to a motion for summary judgment, however, if the documents are referred to in the plaintiff's complaint and if they are central to the plaintiff's claim. *Levenstein*, 164 F.3d at 647 (quoting *Wright v. Associated Ins. Cos., Inc.,* 29 F.3d 1244, 1248 (7th Cir. 1994)). This narrow exception is "aimed at cases interpreting, for example, a contract" and "is not intended to grant litigants license to ignore the distinction between motions to dismiss and motions for summary judgment." *Id.* Importantly, the district court ultimately has discretion in determining whether to convert a motion to dismiss into a motion for summary judgment. *Levenstein*, 164 F.3d at 347 (citing *Venture Associations Corp. v. Zenith Data Systems Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

    It is apparent that the affidavit of Gary Bost submitted by Defendants does not fit the narrow exception articulated by the Seventh Circuit because it was not referred to in Plaintiff's complaint. As such, this Court would need to exercise its discretion and convert Defendants' motion into a motion for summary judgment, pursuant to Rule 12(d), in order to consider the attached affidavit. The Court declines to exercise its discretion in such a manner, finding that considering said document would not change

its analysis. *See Hecker v. Deere & Co.*, 556 F.3d 575, 583 (7th Cir. 2009) (affirming district court's refusal to convert a motion to dismiss into a motion for summary judgment based on district court's discretion). Further, allowing Defendants to proceed on a motion for summary judgment at this juncture is premature, because Plaintiff has not had the opportunity to complete discovery to provide support for his allegations. As such, the Court analyzes Defendants' motion as a motion to dismiss pursuant to Rule 12(b)(6).

In their motion to dismiss, Defendants assert that Plaintiff has failed to allege sufficient facts to state a claim for deprivations of his constitutional rights. The standard used to address a motion made pursuant to Rule 12(b)(6) to dismiss a complaint is the same standard used by the Court in screening a *pro se* complaint pursuant to 28 U.S.C. § 1915A. *Weiss v. Cooley*, 230 F.3d 1027, 1029 (7th Cir. 2000). The Court previously screened Plaintiff's complaint and determined he had stated a claim for unconstitutional conditions of confinement against Defendants, finding that Plaintiff had passed the threshold review on Counts One and Two under the standards set forth in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007) (*see* Doc. 7). As the Court has already conducted a thorough review of Plaintiff's complaint, the Court need not engage in yet another analysis using the same standards already considered. Such an endeavor would be a waste of judicial resources at this stage of the litigation.

## CONCLUSION

For these reasons, the Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment filed by Defendants (Doc. 25) is **DENIED**. The Clerk of Court

**DIRECTED** to correct the docket to reflect the proper spelling of each defendant's name as set forth in the first paragraph of the motion to dismiss.

**IT IS SO ORDERED.**

DATED:   May 2, 2016

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**